THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| CHARLES GARBACCIO, Individually and on Behalf of All Others Similarly Situated, | No. 2:24-cv-01362-JHC |
| Plaintiff, | CLASS ACTION |
| vs. | LEAD PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 19, 2025 ORDER (ECF 49) AS IT RELATES TO RACHEL RUGGERI'S STATUS AS A SECTION 20(a) DEFENDANT |
| STARBUCKS CORPORATION, et al., | |
| Defendants. | |

NOTE ON MOTION CALENDAR:
December 3, 2025

ORAL ARGUMENT REQUESTED

Pursuant to Local Rule W.D. Wash. 7(h), Plaintiffs respectfully submit this Motion for Reconsideration ("Motion") regarding the Court's November 19, 2025 Order (ECF 49) (the "Order") dismissing Rachel Ruggeri as a §20(a) control-person defendant under Count II of the Complaint.[1]

## I.   INTRODUCTION

In denying in part Defendants' motion to dismiss, the Court correctly determined the Complaint sufficiently pleads primary violations of §10(b) against Starbucks and Laxman Narasimhan for making false and misleading statements.  The Court also correctly "decline[d]" Defendants' footnoted, one-sentence "request to dismiss any of Plaintiffs' section 20(a) claims that hinge on Plaintiffs' validly pleaded section 10(b) claims."  Order at 46.  Yet, because the Court did not find a "strong inference of scienter" as to Ruggeri for §10(b) purposes, "[i]t … dismisse[d] *all* claims against" her, including the §20(a) control-person claim.  Order at 37, 42; *id.*, §V(2)c.

The Court's dismissal of Ruggeri as a §20(a) defendant appears to stem from a misapprehension that she must be a primary violator of §10(b) for §20(a) liability to attach.  This, however, constitutes manifest error because, under binding precedent, a control person remains secondarily liable under §20(a) even if she is not a primary §10(b) violator.  The Ninth Circuit is clear that "it is *not* necessary to show actual participation" in the underlying §10(b) claim by the control person (here, Ruggeri) to "make out a prima facie case" for §20(a) liability.  *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).  Overlooking this controlling authority is understandable.  Given the perfunctory nature of Defendants' challenge to the §20(a) claim in their motion to dismiss, the Court was without the benefit of briefing on this precise issue.

When the correct standard is applied, Ruggeri's liability under §20(a) is readily stated.  Section 20(a) merely requires: (i) a primary violation of the federal securities laws by *any* defendant; and (ii) allegations that the defendant had control over the primary violator.  Both elements are satisfied.  First, the Court held that the Complaint states a valid §10(b) claim against Starbucks,

---

[1]   Capitalized terms not defined herein have the same meaning as in the Complaint (ECF 39); Lead Plaintiffs are referred to as "Plaintiffs."  All "¶_" citations are to the Complaint, emphasis is added, and citations are omitted.

satisfying the predicate-violation requirement for purposes of Ruggeri's §20(a) liability. *Infra* §III.A. Second, Defendants ***did not challenge*** the Complaint's allegations that Ruggeri exercised control over Starbucks. *See* Order at 45-46; ECF 42 at 25 n.3. In any event, those allegations easily meet the applicable, "'relatively lenient' pleading standards." *Courter v. CytoDyn, Inc.*, 788 F. Supp. 3d 1150, 1173 (W.D. Wash. 2025); *infra* §III.C.

Reconsideration is therefore justified to prevent manifest error based on an apparent misapplication of the controlling standard for pleading §20(a) claims. Plaintiffs respectfully request the Court grant the Motion, vacate the dismissal of the §20(a) claim against Ruggeri, and reinstate Ruggeri as a §20(a) defendant.

## II.    STANDARD FOR RECONSIDERATION

Reconsideration is appropriate where there is a "manifest error in the prior ruling." LCR 7(h)(1). This standard is satisfied where the Court may have "overlook[ed]" or "disregard[ed]" "controlling authority." *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co., Inc.*, 2025 WL 1135037, at *1 (W.D. Wash. Apr. 17, 2025). Here, controlling authority compels the reinstatement of Plaintiffs' §20(a) claim against Ruggeri. *See Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 690 F. Supp. 2d 959, 963 (D. Ariz. 2010) (recognizing that, "[c]onsistent with the plain language of section 20(a) and the Ninth Circuit case law construing it, it stands to reason that although control person liability under that statute cannot exist without a primary violation, section 20(a) does ***not*** require that the alleged controlling person be primarily liable under section 10(b)," and granting reconsideration).

## III.   THE DISMISSAL OF THE SECTION 20(a) CLAIM AGAINST RUGGERI CONSTITUTES MANIFEST ERROR

### A.    The Dismissal Rests on a Misapplication of the Section 20(a) Standard

Section 20(a) "imposes liability on a person who is in control of the person who is directly responsible for a securities fraud violation." *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 701 (9th Cir. 2021) (citing 15 U.S.C. §78t(a)). Thus, a §20(a) claim has just two elements, that: (i) "there is a violation of" the federal securities laws by any defendant; and (ii) "the defendant directly or

indirectly controls any person liable for the violation." *SEC v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011); *see Alphabet*, 1 F.4th at 701; *Howard*, 228 F.3d at 1065.

Both elements are satisfied here.  It is: (i) undisputed that there are "validly pleaded section 10(b) claims" against Starbucks (Order at 46); and (ii) unchallenged that Ruggeri had the power to direct and influence the actions of Starbucks, the primary §10(b) violator.  ECF 42 at 25 n.3.  Thus, Ruggeri remains a §20(a) defendant according to Ninth Circuit precedent.  *See Howard*, 228 F.3d at 1065; *Alphabet*, 1 F.4th at 702 (predicate-violation element satisfied by "'a primary violation of underlying federal securities laws, such as Section 10(b) or Rule 10b-5'").  The dismissal of the §20(a) claim against Ruggeri therefore constitutes a misapplication of controlling law warranting reconsideration.

### B.  Starbucks' Primary Violation of Section 10(b) Constitutes a Predicate Violation for Secondary Section 20(a) Liability Against Ruggeri

The law is clear that Starbucks' primary liability under §10(b) serves as the predicate violation for a §20(a) claim against Ruggeri.  The Ninth Circuit has repeatedly stated "it is ***not*** necessary to show actual participation" in the underlying §10(b) claim to "make out a prima facie case" for control-person liability.  *Howard*, 228 F.3d at 1065; *Todd*, 642 F.3d at 1223 ("plaintiff 'need ***not*** show that the defendant was a culpable participant in the [predicate] violation'" to state a §20(a) claim); *see No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003) (stating similarly); *Flood v. Miller*, 35 F. App'x 701, 703-04 (9th Cir. 2002) (stating similarly).

The dismissal of Ruggeri as a §20(a) defendant on the grounds that a §10(b) violation was not adequately alleged against her directly imposes a burden on pleading a §20(a) claim that the Ninth Circuit has expressly rejected.  Indeed, though the Court's dismissal of "all" claims against Ruggeri was based on a failure to sufficiently allege a strong inference of scienter, the Ninth Circuit has explicitly held that Plaintiffs do "'***not*** have the burden of establishing [Ruggeri's] scienter distinct from the controlled corporation's scienter'" to establish control-person liability.  *Howard*, 228 F.3d at 1065.

PLTFS' MTN. FOR RECONSIDERATION OF
THE NOV. 19, 2025 ORDER (2:24-cv-01362-JHC)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3268
Telephone: 206/623-1900

- 3 -

Courts applying this controlling standard uniformly hold that: (i) the existence of *a* primary violation by *any* defendant, including the corporation itself; and (ii) control (addressed *infra* §III.C) are enough at the pleading stage.  For instance, in *Reese v. Malone*, 2009 WL 506820 (W.D. Wash. Feb. 27, 2009), the court held that "[p]laintiffs have not asserted sufficient facts to justify retaining any of the [d]efendants in this lawsuit except BPXA on the basis of 10(b)/10b-5 liability," yet recognized that "[p]laintiffs are not required to demonstrate actual participation by [the other] [d]efendants or the exercise of power in order to establish derivative liability under § 20(a)."  *Id.* at *6, *9 (citing *Am. W.*, 320 F.3d at 945).  Thus, having found a primary violation by BPXA, the court determined "§20(a) control person liability has been adequately alleged as to the remainder of the defendants."  *Id.* at *10; *see also In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1338 (W.D. Wash. 2019) (dismissing §10(b) claim against chief operating officer but *not* §20(a) claim); *Apollo*, 690 F. Supp. 2d at 963-64 (recognizing "section 20(a) does *not* require that the alleged controlling person be primarily liable under section 10(b)").[2]

Section 20(a) therefore does *not* require Ruggeri be primarily liable under §10(b).

**C.    Ruggeri's Control over Starbucks is Unchallenged and Adequately Stated**

In their motion to dismiss, Defendants *never disputed Ruggeri's control* under §20(a), and they cannot do so now.  *See Intellicheck Mobilisa, Inc. v. Wizz Sys., LLC*, 173 F. Supp. 3d 1085, 1108 (W.D. Wash. 2016) ("'arguments that are not appropriately developed in a party's briefing may be deemed waived'"); *cf.* Order at 12 n.11 (declining to address elements that Defendants did not challenge in their motion to dismiss).  Even if Defendants had, "whether a defendant is a 'control person' is 'an intensely factual question'" that is typically unsuitable for determination at the

---

[2]    Any assertion that Ruggeri acted in "good faith" is an affirmative defense, not part of Plaintiffs' prima facie case (*see Howard*, 228 F.3d at 1065; *Am. W.*, 320 F.3d at 945; *Todd*, 642 F.3d at 1223), and involves a factual inquiry not appropriate for resolution on a motion to dismiss.  *See In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1157 (N.D. Cal. 2023) ("[f]acts going to [defendant's] good faith ... are for the fact finder to weigh"); *In re BP Prudhoe Bay Royalty Tr. Sec. Litig.*, 2007 WL 3171435, at *9 (W.D. Wash. Oct. 26, 2007) (finding control stated at pleading stage and deferring defendants' "opportunity to assert good faith defenses or lack of participation" to "a later stage").

pleading stage. *Courter*, 788 F. Supp. 3d at 1173 (quoting *Alphabet*, 1 F.4th at 702); *see In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1183, 1201 (C.D. Cal. 2008) ("Whether a defendant is a control person is a fact question rarely appropriate for motion practice.").

Indeed, "Federal Rule of Civil Procedure 8(a)'s 'relatively lenient' pleading standards apply to this [§20(a)] claim." *Courter*, 788 F. Supp. 3d at 1173; *Vanguard Specialized Funds v. VEREIT Inc.*, 2016 WL 5858735, at *17 n.19 (D. Ariz. 2016) ("[d]efendants argue the Rule 9(b) pleading standards should apply to … controlling person allegations, but they do not"). Additionally, the Ninth Circuit has confirmed that "to make out a prima facie case, it is ***not*** necessary to show … the exercise of actual power." *Howard*, 228 F.3d at 1065. Instead, it is enough that the defendant had the power to influence or direct the actions of the primary violator. *Id.*; *Flood*, 35 F. App'x at 703. The allegations of Ruggeri's control easily clear this low pleading hurdle.

During the Class Period, Ruggeri was Starbucks' CFO and Executive Vice President ("EVP"). ¶16. As one of the Company's top executives, Ruggeri participated in and oversaw Starbucks' operation, management, and the conduct of its business affairs. ¶94. These "'general allegations concerning an individual's title and responsibilities [are] sufficient to establish control … [a]t the motion to dismiss stage.'" *State Tchrs. Ret. Sys. of Ohio v. ZoomInfo Techs. Inc.*, 2025 WL 3013683, at *27-*28 (W.D. Wash. Oct. 28, 2025); *see Arthur Child.'s Tr. v. Keim*, 994 F.2d 1390, 1397 (9th Cir. 1993) (stating an officer position is a "'sort of red light'" signaling potential control because "[i]t is not uncommon for control 'to rest with … members of the corporation's management'").

As CFO, Ruggeri "possessed the power and authority to control the contents of Starbucks'" public statements to investors. ¶¶18, 94-96. She also received "copies of Starbucks' reports and press releases alleged" to be misleading "prior to or shortly after their issuance," and "had the ability and opportunity to prevent their issuance or cause them to be corrected." *Id.*; *see also Courter*, 788 F. Supp. 3d at 1174 (control stated against "corporate officers" who "'were involved in drafting, producing, reviewing, and or dissemination of the allegedly false and misleading statements'").

Ruggeri also regularly "spoke publicly on behalf of" Starbucks. *Reese*, 2009 WL 506820, at *9-*10; *see* ¶¶37-38, 46, 49-51. This includes making false and misleading statements on the January 30, 2024 call and in the January 30, 2024 Form 10-Q. ¶¶49-51; *see Todd*, 642 F.3d at 1223 ("actual authority over the preparation and presentation to the public of financial statements is sufficient to demonstrate control"); *Howard*, 228 F.3d at 1065-66 (control stated based on defendant's "participation in the day-to-day management of Everex and his review and signature of the financial statements"); *ZoomInfo*, 2025 WL 3013683, at *28 (control stated where "Individual Defendants were either the authors of the alleged misstatements or heavily involved with day-to-day affairs of the company, or both"); *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1207 (N.D. Cal. 2012) (control stated where defendant, like Ruggeri, was CFO and EVP and "spoke on behalf of the company … during a conference call …, signed call reports, and signed the 2008 10-K").

Taken collectively, these unchallenged allegations amply plead Ruggeri's control.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion, vacate its dismissal of Count II (§20(a)) of the Complaint against Ruggeri, and reinstate Ruggeri as a §20(a) defendant.

DATED:  December 3, 2025

Respectfully submitted,

KELLER ROHRBACK L.L.P.
JULI E. FARRIS (WSBA #17593)

s/ Juli E. Farris
JULI E. FARRIS

1201 Third Avenue, Suite 3400
Seattle, WA  98101-3268
Telephone:  206/623-1900
jfarris@kellerrohrback.com

*Liaison Counsel for Lead Plaintiffs*

I certify that this memorandum contains 2,096 words, in compliance with the Local Civil Rules.

DATED:  December 3, 2025

ROBBINS GELLER RUDMAN
    & DOWD LLP
LUKE O. BROOKS (admitted *pro hac vice*)
LAURIE L. LARGENT (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
ERIKA L. OLIVER (admitted *pro hac vice*)
PATTON L. JOHNSON (admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)


                    s/ Erika L. Oliver
                  ERIKA L. OLIVER

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
lukeb@rgrdlaw.com
llargent@rgrdlaw.com
klavelle@rgrdlaw.com
eoliver@rgrdlaw.com
pjohnson@rgrdlaw.com
egonzalez@rgrdlaw.com

*Lead Counsel for Lead Plaintiffs*