THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES GARBACCIO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

STARBUCKS CORPORATION, LAXMAN NARASIMHAN, and RACHEL RUGGERI,

Defendants.

Case No. 2:24-cv-01362-JHC

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' MOTION FOR RECONSIDERATION**

DEFS' RESPONSE TO PLFS.' MOTION TO RECONSIDER
ORDER ON MOTION TO DISMISS
CONSOLIDATED COMPLAINT
NO. 2:24-CV-01362-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Defendants Starbucks Corporation ("Starbucks" or the "Company"), Laxman Narasimhan, and Rachel Ruggeri ("Defendants") respectfully submit this response to Lead Plaintiffs' Motion for Reconsideration of the Court's November 19, 2025 Order (the "Order"). *See* Dkts. 42, 54. The Order correctly dismissed the control claims against Ruggeri because the complaint (Dkt. 39) contains not a single particularized fact alleging that she "had any meaningful control over what words came out of [the CEO's] mouth" in the only remaining challenged statements. *Murphy v. Precision Castparts Corp.*, 2020 WL 4040827, at *25 (D. Or. July 17, 2020). Plaintiffs do not and cannot show that the Court made any manifest error in dismissing all claims against Ruggeri, and Plaintiffs' motion therefore should be denied.

The Court found Plaintiffs adequately alleged a Section 10(b) claim for just four statements (¶¶43-45, 48).[1] Order at 31, 33. Each of those four remaining statements were oral statements made by Narasimhan (former Starbucks CEO) on the Company's January 30, 2024 earnings call for its first fiscal quarter of 2024 ("1Q24 Earnings Call"). Plaintiffs have not alleged any fact suggesting that Ruggeri (former Starbucks CFO) exercised actual power or control over oral statements made by her boss on an earnings call.

At most, Plaintiffs' Complaint includes conclusory, boilerplate allegations that Ruggeri had purported control over ***Starbucks***. *See* ¶¶94-96. But these "bare assertions" do not show that Ruggeri had control over ***her boss***, former CEO Narasimhan, let alone "facts demonstrating that [Ruggeri] had 'ultimate authority' over the statements made by [Narasimhan]" ***orally*** during the 1Q24 Earnings Call. *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1071 (N.D. Cal. 2012) (dismissing control person claims against chairman of the board). Courts have repeatedly rejected control allegations in these circumstances. *See, e.g.*, *Murphy*, 2020 WL 4040827, at *25 (rejecting Section 20(a) claim brought against CFO where there was no allegation demonstrating CFO "had any meaningful control over what words came out of [the CEO's] mouth

---

[1] While the Court found three additional statements made by Ruggeri (¶¶49-51) were adequately alleged to be misleading, the Court dismissed Plaintiffs' challenge to these statements for failure to allege her scienter. Order at 41-42.

DEFS' RESPONSE TO PLFS' MOTION TO RECONSIDER
ORDER ON MOTION TO DISMISS
CONSOLIDATED COMPLAINT - 1
NO. 2:24-CV-01362-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

during those calls"); *In re Energy Recovery Inc. Sec. Litig.,* 2016 WL 324150, at *26 (N.D. Cal. Jan. 27, 2016) (dismissing control person claims against executive where there is "no allegation that she directed or exercised control over [the CEO] who allegedly made the false and misleading statements"); *In re Coinstar Inc. Sec. Litig.*, 2011 WL 4712206, at *11 (W.D. Wash. Oct. 6, 2011) (dismissing control person claims against non-speaker executives despite finding another executive was plausibly alleged to have made misstatements).

Indeed, the notion that Ruggeri had control over her boss "would have been an implausible allegation had it been made." *In re SunEdison, Inc. Sec. Litig.*, 300 F. Supp. 3d 444, 497 (S.D.N.Y. 2018) ("[w]hile the Complaint alleges that both [CEO] and [CFO] were control persons of SunEdison, there is no allegation that [CFO] was a control person of [CEO]"); *Carlton v. Cannon*, 2016 WL 3959164, at *8 (S.D. Tex. July 22, 2016) (finding CFO did not have control over public statements made by CEO and rejecting plaintiffs' argument that CFO had a duty to correct statements: "[s]ection 20(a) liability is based on the power to control, not on a duty to correct").[2]

Given Plaintiffs' failure to allege any fact suggesting Ruggeri had "actual power and control" over oral statements made by her manager, Narasimhan, the Court's Order dismissing all claims against Ruggeri was correct and not manifestly erroneous. Defendants request that the Court deny Plaintiffs' motion for reconsideration.

---

[2] Because the four remaining statements were all oral statements made by Ruggeri's superior, this case stands in contrast to those where the alleged controlling defendant was "involve[d] in" preparing, or even signed, "financial statements" and SEC filings, *see, e.g.*, *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000), or where the "control person" was the individual who in fact made actionable statements, *see, e.g.*, *SEC v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011). And while Plaintiffs' case, *Courter v. CytoDyn, Inc.*, 788 F. Supp. 3d 1150 (W.D. Wash. 2025), involved written statements as well as an oral statement, that case highlights how the Complaint is lacking here. The *Courter* plaintiffs alleged the control-person defendants were "involved in drafting, producing, reviewing" the written statements that formed the predicate Section 10(b) claim. *Id*. at 1174. In contrast, Plaintiffs here allege only that Ruggeri received "copies of Starbucks' reports and press releases," ¶18, pointing to *zero* facts that she had control over *oral* statements made by her boss.

DEFS' RESPONSE TO PLFS' MOTION TO RECONSIDER
ORDER ON MOTION TO DISMISS
CONSOLIDATED COMPLAINT - 2
NO. 2:24-CV-01362-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Respectfully submitted this 10th day of December, 2025.

I certify that this memorandum contains 771 words in compliance with the Local Civil Rules.

**K&L GATES LLP**

*/s/ Tyler K. Lichter*
Tyler K. Lichter, WSBA # 51090
925 Fourth Avenue, Suite 2900 Seattle,
Washington 98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: Tyler.Lichter@klgates.com

**LATHAM & WATKINS LLP**

ANDREW B. CLUBOK (*pro hac vice*)
SUSAN E. ENGEL (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: 202/637-3309
202/637-2201 (fax)
andrew.clubok@lw.com
susan.engel@lw.com

MICHELE D. JOHNSON (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: 714/540-1235
755/540-8290 (fax)
michele.johnson@lw.com

WHITNEY B. WEBER (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415/391-0600
415/395-8095 (fax)
whitney.weber@lw.com

*Attorneys for Defendants Starbucks Corporation, Laxman Narasimhan, and Rachel Ruggeri*

DEFS' RESPONSE TO PLFS' MOTION TO RECONSIDER
ORDER ON MOTION TO DISMISS
CONSOLIDATED COMPLAINT - 3
NO. 2:24-CV-01362-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022