UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES GARBACCIO ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION ET AL.,<br><br>Defendants. | CASE NO. 2:24-cv-01362-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Court's November 19, 2025 Order (Dkt. # 49) as it Relates to Rachel Ruggeri's Status as a Section 20(a) Defendant.  Dkt. # 54.  The Court has considered the Motion (Dkt. # 54), Defendants' Response (Dkt. # 57), pertinent portions of the record, and applicable law.  Being fully advised, the Court GRANTS the Motion and hereby amends page 46 of the Order at Dkt. # 49 to read "All § 10(b) claims against Defendant Ruggeri and any § 20(a) claims related to those claims" instead of "All claims against Defendant Ruggeri."[1]

---

[1] Given the timing of this Order, the Court also extends the deadline to file an amended pleading to December 23, 2025.

ORDER - 1

      The Court has considered Defendants' opposition to such an amendment but finds it unpersuasive. Per the Ninth Circuit, a defendant may be liable under § 20(a) "if (1) there is a violation of the Act and (2) the defendant directly or indirectly controls any person liable for the violation." *S.E.C. v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011) (citing *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). "The definition of 'person' under the Act encompasses a 'company,'" and a plaintiff "need not show that the defendant was a culpable participant in the violation" to be held liable. *Id*. Instead, a plaintiff need only show that a securities violation occurred, and that the defendant is a "controlling person" within the meaning of the statute. *See id.*

      Here, the Court finds that amendment is necessary because the Court has already found that Plaintiffs established a prima facie case for § 20(a) liability as to Defendant Ruggeri. The Court has determined that the Complaint plausibly alleges that Defendants Narasimhan and Starbucks Corporation committed a § 10(b) violation. It has also determined that the Complaint plausibly alleges that Defendant Ruggeri is a "controlling person" within the meaning of the statute.[2] Although Defendants now contend that Plaintiffs failed to allege that Defendant Ruggeri exercised control, *see generally* Dkt. # 57, Defendants previously moved to dismiss the § 20(a) claims only on the basis that "Plaintiffs [did] not plead a Section 10(b) claim." *See* Dkt. # 42 at 34 n.3. Because the Court found that Plaintiffs did plead a § 10(b) claim, and Defendants never raised the issue of control in its prior briefings, *see generally* Dkt., it would be procedurally improper for the Court to now dismiss Plaintiffs' § 20(a) claims against Defendant Ruggeri for failing to plead control. As declining to address the clerical error at Dkt. # 49 page

---

[2] Although Defendants are correct that Plaintiffs have not demonstrated that Defendant Ruggeri exercised "actual power," *see* Dkt. # 57 at 2, this is not a requirement under § 20(a). *See Howard*, 228 F.3d at 1065 ("[I]n order to make out a prima facie case, it is not necessary to show actual participation or the exercise of actual power[.]").

ORDER - 2

46 would, in effect, be doing just that, the Court must decline Defendants' request to deny Plaintiffs' Motion for Reconsideration.

Dated this 12th day of December, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3