UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES GARBACCIO, Individually and on Behalf of All Others Similarly Situated, | No. 2:24-cv-01362-JHC CLASS ACTION |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| STARBUCKS CORPORATION, et al., | |
| Defendants. | |

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Lead Plaintiffs Pavers & Road Builders District Council Pension Fund, Teamsters Local 237 Additional Security Benefit Fund, and Teamsters Local 237 Supplemental Fund for Housing Authority Employees (collectively, "Lead Plaintiffs") and Defendants Starbucks Corporation ("Starbucks" or the "Company"), Laxman Narasimhan, and Rachel Ruggeri (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Protective Order"). The Parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. This agreement is effective between the Parties upon execution prior to entry by the Court.

The availability of protection pursuant to this Protective Order does not preclude a party from withholding information protected by any applicable privilege. Under Local Civil Rule 26(c)(2), the Parties began with the District's Model Protective Order and have identified departures from the model in a redlined copy, attached as Exhibit 1.

## 2. "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL

1. "Confidential" material: Confidential material shall include the following documents and tangible things produced or otherwise exchanged: (a) investment and financial information, investment management and advisor agreements, investment guidelines, board meeting minutes and materials; (b) information reflecting product design or development; (c) non-public technical or scientific research; (d) pricing and business strategy documents, including those concerning a particular product or line of products; (e) financial information not previously disclosed to the public, including sales data, product margin data, cost and expense data, and/or

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 2

profit and loss data; (f) sales information or communications relating to specific customers or classes of customers; (g) proprietary business information or confidential trade secrets; (h) competitively or commercially sensitive information, including documents or materials concerning competitors; (i) medical information concerning any individual; (j) personal identifying information, meaning dates of birth, personal health or medical information, names of minor children, social security and taxpayer-identification numbers, financial account information, passport numbers, and driver's license numbers; (k) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (l) information that the producing party is under a preexisting contractual or other obligation to a third party to treat as confidential; or (m) information protected pursuant to a protective order entered by the Court under Federal Rule of Civil Procedure 26(c).

2.    "Highly Confidential" material: Highly Confidential material is  information the producing party in good faith reasonably believes constitutes highly sensitive non-public information implicating the producing party's trade secrets, such as product designs, formulas, current or future pricing information, or current or future long-term strategic or financial roadmaps, the disclosure of which to third parties, such as third party competitors, is substantially likely to cause substantial commercial harm to the producing party.

**3.    SCOPE**

The protections conferred by this Protective Order cover not only Confidential and Highly Confidential material (as defined above), but also: (a) any information copied or extracted from Confidential or Highly Confidential material; (b) all copies, excerpts, summaries, or compilations of Confidential or Highly Confidential material; and (c) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Highly Confidential material.  The protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 3

**4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1      ***Basic Principles***.  A receiving party may use Confidential and Highly Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential or Highly Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential and Highly Confidential material hosted by a Party's counsel or by a Professional Vendor retained by counsel must be stored at a location that meets ISO/IEC 27001 and SOC 2 data security standards and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2      ***Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items***.

(a)      Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(i)      the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation.  In the event that the designating party is a non-party to this litigation, all counsel of record to the Parties in this litigation may be allowed to review the Confidential material without limitation;

(ii)      the Parties in this action, as well as the officers, directors, and employees (including counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(iii)      experts and consultants, and their staff, who are assisting counsel for a party, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)      the Court and its personnel, any appellate court in this litigation, and court reporters and their staff;

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 4

(v) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(vi) litigation vendors, video camera operators, translators, and other litigation support personnel;

(vii) professional jury and trial consultants, and their staff, and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

(viii) mediators, or any other person engaged for the purpose of alternative dispute resolution of this action, and their staff;

(ix) insurance carriers providing coverage in this matter who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(x) witnesses in the action and their counsel during a deposition, to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed to by the designating party or ordered by the Court. Witnesses shall not retain a copy of Confidential material, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the deposition transcripts;

(xi) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the information in the course of the litigation); and

(xii) any person as may be authorized by written agreement of the designating party, oral agreement of the designating party on the record during a deposition or court hearing, or by order of the Court.

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 5

(b)     Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential material only to those identified in Section 4.2(a)(i), (iii)-(viii), (x-xii), as well as, for each party, designated in-house attorneys representing the party in this proceeding or individuals otherwise directly overseeing this litigation for a party, but for each such designated individual, only after signing a copy of the certification contained in "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(c)     Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential or Highly Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

4.3     ***Filing Confidential Material***.  Before filing Confidential or Highly Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet-and-confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     ***Exercise of Restraint and Care in Designating Material for Protection***.  Each party or non-party that designates information or items for protection under this agreement must

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 6

take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     ***Large Language Models / Generative AI Tools***.  Individuals or entities with access to Confidential or Highly Confidential material under this Protective Order must not use Confidential or Highly Confidential material in Artificial Intelligence or Generative Artificial Intelligence tools or similar applications (*e.g.*, OpenAI GPT, ChatGPT, Google Bard, Meta LLAMA) unless the party takes commercially reasonable steps to ensure that such tools (a) do not incorporate inputs into model weights, or otherwise inadvertently produce outputs containing identifiable parts of the Confidential or Highly Confidential material to unauthorized users, and (b) adhere to cybersecurity best practices and provide sufficient administrative controls to prevent unauthorized access.

5.3     ***Manner and Timing of Designations***.  Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of Section 5.3(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 7

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Confidential or Highly Confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Highly Confidential.  If a party or non-party desires to protect Confidential or Highly Confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.4    ***Inadvertent Failures to Designate***.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 8

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   ***Timing of Challenges***.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  To initiate a challenge, the challenging party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents, testimony, or information in question and shall state the grounds for objection.  Counsel for the designating party shall respond in writing to such objection, and shall state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6.2   ***Meet and Confer***.  The Parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with other affected parties in an effort to resolve the dispute without Court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   ***Judicial Intervention***.  If the Parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain

the material in question as Confidential or Highly Confidential until the Court rules on the challenge.

## 7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Highly Confidential material may be affected.

## 8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9.   NON-WAIVER OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for

protection of privileged information.  The Parties have agreed to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein and in the ESI Protocol.

## 10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all Confidential and Highly Confidential material to the producing party, including all copies, extracts, and summaries thereof, and the Parties may release their legal holds related to this matter.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential and Highly Confidential material so long as the Confidential and Highly Confidential material is still maintained in an manner as outlined in this Order.  This provision does not require the return or destruction of Confidential and Highly Confidential material stored on backup media made in accordance with regular data backup procedures for disaster recovery purposes, subject to legal hold obligations, or whose return or destruction would violate applicable federal or state law or regulations.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 1, 2026

KELLER ROHRBACK L.L.P.
JULI E. FARRIS (WSBA #17593)


*s/ Juli E. Farris*

1201 Third Avenue, Suite 3400
Seattle, WA  98101-3268
Telephone:  206/623-1900
jfarris@kellerrohrback.com

*Liaison Counsel for Lead Plaintiffs*

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 11

ROBBINS GELLER RUDMAN
   & DOWD LLP
LUKE O. BROOKS (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
ERIKA L. OLIVER (admitted *pro hac vice*)
PATTON L. JOHNSON (admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
lukeb@rgrdlaw.com
klavelle@rgrdlaw.com
eoliver@rgrdlaw.com
pjohnson@rgrdlaw.com
egonzalez@rgrdlaw.com

*Lead Counsel for Lead Plaintiffs*

DATED:  April 1, 2026

K&L GATES LLP
TYLER K. LICHTER, WSBA # 51090

*s/ Tyler K. Lichter*

Kari L. Vander Stoep, WSBA # 35923
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Tyler.Lichter@klgates.com
Kari.Vanderstoep@klgates.com

LATHAM & WATKINS LLP
ANDREW B. CLUBOK (*pro hac vice*)
SUSAN E. ENGEL
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone:  202/637-3309
202/637-2201 (fax)
andrew.clubok@lw.com
susan.engel@lw.com

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 12

LATHAM & WATKINS LLP
MICHELE D. JOHNSON (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Telephone:  714/540-1235
755/540-8290 (fax)
michele.johnson@lw.com

LATHAM & WATKINS LLP
WHITNEY B. WEBER (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  415/391-0600
415/395-8095 (fax)
whitney.weber@lw.com

LATHAM & WATKINS LLP
DANIEL R. GHERARDI (*pro hac vice*)
140 Scott Drive
Menlo Park, CA 94025
Telephone:  650/328-4600
daniel.gherardi@lw.com

*Attorneys for Defendants Starbucks
Corporation, Laxman Narasimhan, and Rachel
Ruggeri*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

DATED: April 1, 2026.

_John H. Chun_

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ *Garbaccio v. Starbucks Corp., et al.*, No. 2:24-cv-01362 (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-01362-JHC - 15