UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES GARBACCIO ET AL., | CASE NO. 2:24-cv-01362-JHC |
| Plaintiffs, | ORDER |
| v. | |
| STARBUCKS CORPORATION ET AL., | |
| Defendants. | |

**I**
**INTRODUCTION**

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings. Dkt. # 72. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the record, and the applicable law. The Court finds oral argument unnecessary. Being fully advised, for the reasons below, the Court GRANTS the motion, DISMISSES Plaintiffs' remaining claims without prejudice, and GRANTS Plaintiffs leave to amend.

ORDER - 1

## II
### BACKGROUND

As explained in a prior order, Lead Plaintiffs—Pavers & Road Builders District Council Pension Fund, Teamsters Local 237 Additional Security Benefit Fund, and Teamsters Local 237 Supplemental Fund for Housing Authority Employees—bring this securities class action against Defendants Starbucks Corporation, Laxman Narasimhan, and Rachel Ruggeri under §§ 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10b-5. *See* Dkt. # 58 at 2. They allege "that Defendants violated the securities laws by engaging in a 'concerted effort to hide from investors that store traffic (or transactions)—in [the United States and China] was declining'" by making "numerous 'false and misleading statements and omissions' during the Class Period, with actual knowledge or reckless disregard of their falsity[.]" *Id.* at 3 (quoting Dkt. # 39 at 4, 15–28).

Defendants moved to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). *See generally* Dkt. # 42. Their motion argued that the Complaint fails to state a claim for relief under § 10(b) of the Securities Exchange Act because it "does not come close to meeting the exacting requirements for pleading falsity, scienter, or loss causation" under Federal Rule of Civil Procedure Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA). *Id.* at 18; *see also id.* at 10, 19–34. It also argued, in a footnote, that Plaintiffs' claims under § 20(a) of the Securities Exchange Act should be dismissed because "Plaintiffs do not plead a Section 10(b) claim [against any Defendant], so their Section 20(a) claim fails." *Id.* at 34 n.3.

On November 19, 2025, the Court granted in part and denied in part Defendants' Rule 12(b)(6) Motion. *See generally* Dkt. # 49. As for Plaintiffs' § 10(b) claims, the Court concluded that the Complaint adequately pleads; (1) a material misrepresentation or omission for 7 of the

ORDER - 2

challenged statements, *see id*. at 15, 31–33, 36–37; (2) scienter as to Defendants Narasimhan and Starbucks Corporation, *see id.* at 37, 40–43; and (3) loss causation for Plaintiffs' remaining § 10(b) claims, i.e., those based on Plaintiffs' validly pleaded allegations of falsity *and* scienter. *See id*. at 43, 45. It thus denied Defendants' Rule 12(b)(6) Motion as to these claims but dismissed all other § 10(b) claims from the Complaint for failure to state a claim. *See id*. at 46. As for the § 20(a) claims, the Court declined to dismiss Plaintiffs' § 20(a) claims that hinge on their validly pleaded § 10(b) claims but granted Defendants' Rule 12(b)(6) Motion as to all other § 20(a) claims in the Complaint. *See id.* All dismissals were without prejudice and Plaintiffs were given leave to amend. *See id.* at 46–47.

Both sides then moved for reconsideration. *See* Dkt. ## 54 & 55. Plaintiffs' motion requested that the Court reinstate Plaintiffs' § 20(a) claims against Defendant Ruggeri because liability can attach under § 20(a) even if the defendant is not primarily liable under § 10(b). *See generally* Dkt. # 54. Defendants' motion, meanwhile, requested that the Court dismiss the entirety of the Complaint, as a recently published Ninth Circuit Opinion—*Sneed v. Talphera, Inc.*, 147 F.4th 1123 (9th Cir. 2025)—"compels reconsideration [of Plaintiffs' remaining claims] on both falsity and scienter grounds." Dkt. # 55 at 2. After considering the motions, pertinent portions of the record, and the applicable law, the Court determined that its previous Order contained a clerical error on page 46: the Order's conclusion dismissed "All claims against Defendant Ruggeri" instead of "All § 10(b) claims against Defendant Ruggeri and any § 20(a) claims related to those claims." *See* Dkt. ## 56 at 2–3; 59 at 1–3. As this dismissal was not requested by Defendants' motion to dismiss, and also conflicted with the Court's analysis elsewhere in the Order, the Court granted Plaintiffs' request and amended page 46 of the Order to clarify that not all § 20(a) claims against Defendant Ruggeri are dismissed. *See id.*; *see also* Dkt. # 58 at 46. The Court's amended order also extended Plaintiffs' deadline to file an

ORDER - 3

amended pleading until December 23, 2025. *Id*. at 46–47. The parties' motions for reconsideration were otherwise denied. *See generally* Dkt. ## 56 & 59.

Plaintiffs did not amend their Complaint by December 23, 2025. *See generally* Dkt. And on January 23, 2026, Defendants filed an answer. *See* Dkt. # 67. Discovery began and a few months later, Defendants filed the instant motion requesting that the Court grant judgment on the pleadings and dismiss the remainder of this action for failure to state a claim under Federal Rule of Civil Procedure 12(c). *See generally* Dkt. # 72. As the pleadings have closed, Defendants' Rule 12(c) Motion is properly before the Court and ripe for consideration.

### III
#### DISCUSSION

A.    Legal Standards

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citations and internal quotation marks omitted). The "principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing": while a Rule 12(b)(6) motion "must be made before pleading[,]" a Rule 12(c) motion must be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); Fed. R. Civ. P. 12(b)–(c).

Despite the similarities, "[a] Rule 12(b)(6) motion does not preclude a subsequent Rule 12(c) motion." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 243 (9th Cir. 2021) (unpublished) (citing *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019)). Nor does it preclude a party

ORDER - 4

from raising a failure-to-state-a-claim defense in a Rule 12(c) motion, even if it could have been raised in their earlier Rule 12(b)(6) motion.[1]  But a court will deny a Rule 12(c) motion, or decline to address certain arguments therein, if the motion merely reasserts arguments that were raised by the moving party and rejected by the court at the Rule 12(b)(6) stage.[2]

A Rule 12(c) motion is properly granted when, "after the pleadings are closed" and "accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Chavez*, 683 F.3d at 1108 (cleaned up and citations omitted).  In resolving such a motion, the court may consider the complaint as well as any documents incorporated by reference into the complaint and any matters of which the court may properly take judicial notice.  *See Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1026 (9th Cir. 2025), *cert. denied sub nom. Health Def. Fund Inc. v. Carvalho*, No. 25-765, 2026 WL 1377038 (U.S. May 18, 2026).

B.    Analysis

Defendants argue that the Court should dismiss all remaining claims against Defendants because the Complaint fails to plead falsity and scienter.  *See generally* Dkt. # 72.  Specifically,

---

[1] *See In re Apple*, 846 F.3d at 317–18; *see also In re Enovix Corp. Sec. Litig.*, 2025 WL 2841682, at *5–6 (N.D. Cal. Oct. 7, 2025) (rejecting the plaintiffs' argument that the defendants "improperly seek to relitigate issues already decided and that could have been raised in [the defendants' earlier] motion to dismiss"); *Sprint Telephony PCS, L.P. v. Cnty. of San Diego*, 311 F. Supp. 2d 898, 905 (S.D. Cal. 2004) (explaining that the law-of-the-case doctrine does not apply to a Rule 12(c) motion if "the court has not yet considered the[ ] specific issues" raised therein).

[2] *See, e.g.*, *Dekker v. Vivint Solar, Inc.*, 542 F. Supp. 3d 959, 966 (N.D. Cal. 2021) (denying Rule 12(c) motion as to certain arguments because the defendant failed to distinguish such arguments from those that the court rejected at the Rule 12(b)(6) stage); *In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3764903, at *1 (C.D. Cal. Feb. 21, 2012) (denying Rule 12(c) motion because it "addresses matters previously raised in [the defendants' earlier] motion to dismiss, and decided—either explicitly or by necessary implication—in the Court's resolution of that motion); *Marble Voip Partners LLC v. Zoom Video Commc'ns, Inc.*, 2024 WL 86859, at *3 (N.D. Cal. Jan. 8, 2024) (denying Rule 12(c) motion because it "raises the same issues that [the judge] previously decided in denying [the defendant's earlier] motion to dismiss"); *Kmiec v. Powerwave Techs., Inc.*, 2014 WL 12567781, at *2 n.2 (C.D. Cal. Feb. 11, 2014) (construing the parts of a Rule 12(c) motion that raise previously rejected Rule 12(b)(6) arguments as an improper attempt at reconsideration).

ORDER - 5

they say that the Complaint fails to plead: (1) a material misrepresentation or omission because "when read in context, [the remaining statements] are not about the Company's January 2024 performance" and thus "could not possibly have misled investors"; (2) scienter as to Defendant Narasimhan, as the statements are not "flagrantly false" and Plaintiffs "plead no facts suggesting . . . Narasimhan believed his statements referred to anything but the Company's completed first-quarter results, much less particularized facts that he was trying to mislead investors"; and (3) a § 20(a) claim against any Defendant, as Plaintiffs have failed to plead a § 10(b) claim and they "have not alleged—and cannot plausibly allege—any facts showing that Ruggeri controlled the oral statements that Narasimhan, her boss, made during the earnings call." *Id*. at 7–9, 16.  The Court addresses each argument in turn below.

1.      Material Misrepresentation or Omission

Defendants contend that none of the remaining, non-dismissed statements by Defendant Narasimhan are "false or misleading" because the Court must examine each statement "in context" and it is clear from the context of the call that the four remaining statements refer to the results of Q1 2024, not the current conditions of Q2 2024.  *See* Dkt. # 72 at 16–21.  But this argument was already raised and rejected at the Rule 12(b)(6) stage.[3]  And the Court sees no

---

[3] *See, e.g.*, Dkt. # 42 at 10 (arguing that "Plaintiffs have not alleged facts establishing that Defendants made a materially false or misleading statement" because "all of the Challenged Statements are accurate reports about the Company's historical results—which Plaintiffs do not dispute—or are nonactionable opinions, expressions of corporate optimism, or forward-looking statements protected by the PSLRA safe harbor"); *id*. at 22–25 (arguing that Plaintiffs' falsity allegations suffer from a "timing problem"); Dkt. # 47 at 9–10 (arguing that Defendants' statements on the Q1 2024 Earnings Call were not "false when made" because they clearly referenced the last quarter's results, not current conditions); Dkt. # 58 at 11–12 (taking judicial notice of the full transcript of the Q1 2024 Earnings Call "for the purpose of evaluating Defendants' Motion to Dismiss"); *id*. at 16 (explaining that "a defendant's statements must be read in context and considered as a whole"); *id*. at 29–33, 36–37 (reviewing each challenged statement under the appropriate legal standards and concluding that the Complaint adequately pleads falsity as to the remaining statements); *id*. at 30 (concluding that Plaintiffs' theory of falsity is plausible for "Defendants' more specific statements about in-store conditions" after accepting "Plaintiffs' allegations that customer wait times were increasing and thus at least some stores were experiencing issues as of

ORDER - 6

reason to re-examine its prior ruling now, especially when the Court must continue to draw all reasonable inferences in Plaintiffs' favor, the Court necessarily had to consider timing to determine whether a reasonable investor could be misled by the challenged statements, and Defendants have not provided any new facts or additional context in their Rule 12(c) Motion that would affect the Court's prior analysis.  The Court thus views Defendants' Rule 12(c) falsity arguments as a procedurally improper request for reconsideration, and so it denies Defendants' request to dismiss Plaintiffs' remaining claims on this basis.

       2.      Defendant Narasimhan's Scienter

Defendants contend that the Complaint fails to plead scienter as to Defendant Narasimhan because: (1) Plaintiffs must plead particularized facts that give rise to "a strong inference" of scienter; (2) "Plaintiffs do not plead *any* facts suggesting that Narasimhan believed his statements pertained to the Company's operations as of January 2024"; (3) Plaintiffs do not "point to a single particularized fact that at the time of the January 30, 2024 earnings call—only a few weeks into the new Q2 2024—Narasimhan had 'access to information' about January 2024 store conditions that differed from what Defendants disclosed during that call"; and (4) Plaintiffs cannot establish scienter because none of the remaining statements are "flagrantly false."  Dkt. # 72 at 21–22.  As most of these same arguments were raised and rejected at the Rule 12(b)(6)

---

January 30, 2024, i.e., the date of the Q1 2024 Earnings Call"); *id*. at 33 (noting that Plaintiffs' theory of falsity is plausible because "a reasonable trier of fact could find that it is misleading to disclose an increased frequency in orders without also disclosing an increased rate of abandonment"); Dkt. # 55 at 3–5 (arguing that reconsideration is required because "the Court must assess whether a statement is misleading *in context*" and "no reasonable investor could have been misled about post-1Q24 customer traffic during the few weeks leading up to the January 30 earnings call"); Dkt. # 56 at 3–4 (denying Defendants' Motion for Reconsideration based on the Court's purported failure to consider the "context surrounding the statement" because "the Court already identified, and applied, this principle in its Order when analyzing the element of falsity" and had "considered the full context of Defendants' challenged statements, including those that it declined to dismiss").

ORDER - 7

stage,[4] the Court need not readdress them here.  The Court does, however, find it appropriate to address one of these arguments—the argument that Plaintiffs "do not plead *any* facts suggesting that Narasimhan believed his statements pertained to the Company's operations as of January 2024[,]" Dkt. # 72 at 21—because this argument was not explicitly raised by Defendants' Rule 12(b)(6) Motion or the Court's Order resolving it.  *See generally* Dkt. ## 42 & 58.

As explained in the Court's prior Order,

> Scienter is a mental state that not only covers intent to deceive, manipulate, or defraud, but also deliberate recklessness.  To plead scienter, a plaintiff must state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind. . . In evaluating a claim of scienter, Ninth Circuit courts conduct a two-part inquiry to determine whether scienter has been adequately pled[.]  First, the court must determine whether any of the allegations, standing alone, are sufficient to create a strong inference of scienter[.]  If the allegations, standing alone, do not establish a strong inference of scienter, the court must proceed to step two: a holistic review of the same allegations to determine whether the insufficient allegations combine to create a strong inference of intentional conduct or deliberate recklessness. . . At the motion-to-dismiss stage, [t]he inference that the defendant acted with scienter need not be irrefutable, i.e., of the smoking-gun genre, or even the most plausible of competing inferences.  But it must be more than merely reasonable or permissible—it must be cogent and

[4] *See, e.g*., Dkt. # 42 at 11 (arguing that the Complaint does not plead scienter because Plaintiffs fail to plead "any particularized facts suggesting that Defendants acted with deliberate recklessness or an intent to defraud"); *id*. at 29–30 (arguing that Plaintiffs' theory of fraud "makes no sense" because Defendants were simply disclosing accurate, same-store sales results on the call); *id*. at 30–32 (arguing that Plaintiffs fail to plead particularized facts concerning Defendants' involvement with or knowledge of the purported in-store issues); Dkt. # 58 at 38 (explaining that pleading scienter requires a plaintiff to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind") (citations and internal quotation marks omitted); *id*. at 40 (explaining that scienter allegations "will survive a motion to dismiss only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged") (citations and internal quotation marks omitted); *id*. at 37 (rejecting Defendants' arguments "that Plaintiffs do not plead in great detail any particularized facts suggesting that Defendants acted with deliberate recklessness or an intent to defraud nor do they offer any plausible motive for why Defendants would lie") (citations and internal quotation marks omitted); *id*. at 40–41 (analyzing scienter under the proper legal standard and concluding that the Complaint adequately pleads scienter as to Defendant Narasimhan); Dkt. # 55 at 5–7 (arguing that reconsideration is required because "[s]howing scienter necessarily becomes harder when the allegedly misleading statements are not flagrantly false" such as those at issue here) (citations and internal quotation marks omitted); *id*. at 7 (arguing that reconsideration is required because Plaintiffs plead no particularized facts showing that Narasimhan was aware of the January 2024 in-store conditions, thereby defeating a "strong inference" of scienter); Dkt. # 56 at 4 (denying Defendants' Motion for Reconsideration based on Plaintiffs' purported failure to satisfy their burden of pleading scienter under *Sneed*).

ORDER - 8

compelling, thus strong in light of other explanations. A complaint will survive a motion to dismiss only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.

Dkt. # 58 at 38–40 (citations and internal quotation marks omitted).

In recent cases, the Ninth Circuit has held that "[s]howing scienter necessarily becomes harder when the allegedly misleading statements are not flagrantly false" or where plaintiffs have failed to allege a "plausible motive," as such scenarios make an innocent alternative explanation much more likely. *Sneed*, 147 F.4th at 1134; *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1108 (9th Cir. 2021). The Ninth Circuit has also clarified that allegations of scienter can be defeated where the complaint alleges that the defendants had knowledge but it is still "a matter of speculation whether the [challenged statement] could mislead investors[,]" such as when the statement is not "flagrantly false" or where the evidence of falsity is "flimsy." *Sneed*, 147 F.4th at 1127, 1134. Likewise, a strong inference of scienter may be defeated where the complaint "does not allege facts to counter [the other] more plausible innocent explanations" for the defendant's conduct. *Prodanova*, 993 F.3d at 1111.

Here, the Court has already analyzed scienter as to Defendant Narasimhan. *See* Dkt. # 58 at 40–41; *see also* Dkt. # 56 at 4. But the Court's prior analysis focused solely on knowledge, falsity, and particularity, *see id.*, as those were the scienter issues raised by Defendants' Rule 12(b)(6) Motion. *See generally* Dkt. # 42. The Court's prior analysis thus did not consider whether the inference of scienter is at least as compelling as a specific alternative explanation for the conduct. The Court thus finds it proper to re-evaluate scienter given Defendants' newly proffered, specific alternative explanation for Defendant Narasimhan's challenged conduct.

Now, having done so, the Court no longer finds Plaintiffs' scienter allegations "cogent and compelling, [and] thus strong in light of other explanations." *Tellabs, Inc. v. Makor Issues*

ORDER - 9

*& Rts., Ltd.*, 551 U.S. 308, 324 (2007). While the Court does not wish to disturb its prior conclusion—that the Complaint adequately pleads that Defendant Narasimhan had knowledge of the purported in-store issues before the Q1 2024 Earnings Call—it notes that this knowledge is insufficient to establish scienter where, as here, the challenged statements are not "flagrantly false" and it is "a matter of speculation" as to whether they could mislead investors. *See Sneed*, 147 F.4th at 1134. Plaintiffs' failure to demonstrate that the statements are "flagrantly false" also makes Defendants' alternative explanation—that Defendant Narasimhan genuinely believed that he was referring to the past quarter's results—much more likely. *See id.*

Defendants' alternative explanation for the conduct is also supported by the fact that the remaining statements were all made on a call titled "Q1 2024 Earnings Call"—a call that was held for the purpose of discussing the company's Q1 2024 performance and did actually discuss that performance. *See generally* Dkt. # 43-11. And such an explanation is much more believable vis-à-vis Plaintiffs' theory, as the Complaint does not plead: (1) a plausible motive for Defendant Narasimhan's conduct; (2) particularized facts suggesting that Defendant Narasimhan believed that he was referring to the current store conditions when he was speaking on the Q1 2024 Earnings Call; nor (3) a robust slew of detailed facts in support of Plaintiffs' scienter allegations more generally. *See generally* Dkt. # 39. The Court also notes that Plaintiffs' Response does not offer any argument as to why the Complaint's theory of scienter is at least as likely as Defendants' alternative explanation, nor does it identify any particularized facts from the Complaint that would counter such a theory. *See generally* Dkt. # 78.

Accordingly, the Court cannot find that the Complaint, even when viewed in the light most favorable to Plaintiffs, establishes an inference of scienter as to Defendant Narasimhan that is at least as compelling as the alternative innocent explanation offered by Defendants' Rule 12(c) Motion. It thus concludes that the Complaint does not adequately allege scienter as to

ORDER - 10

Defendant Narasimhan, and so it dismisses all remaining § 10(b) claims against Defendants Narasimhan and Starbucks Corporation on this basis.[5]

3.    Plaintiffs' § 20(a) Claims

Defendants argue that the Court should dismiss Plaintiffs' § 20(a) claims because: (1) the Complaint "does not state a claim under Section 10(b)" so "their Section 20(a) claims must fail too"; and (2) Plaintiffs have not stated a valid § 20(a) claim against Defendant Ruggeri because "she is not a 'controlling person' with respect to the Remaining Statements." Dkt. # 72 at 25–26. As these arguments were not evaluated by the Court at the Rule 12(b)(6) stage,[6] such arguments are properly raised by this Rule 12(c) Motion.

Because the Court is dismissing Plaintiffs' remaining § 10(b) claims, *see* part III(B)(2) above, Plaintiffs now lack a valid § 10(b) claim to maintain any of their § 20(a) claims. The Court thus dismisses Plaintiffs' remaining § 20(a) claims against all Defendants for failure to state a § 10(b) claim. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 n.15 (9th Cir. 2002).[7]

---

[5] *See Sneed*, 147 F.4th at 1135 (affirming dismissal of § 10(b) claims against the individual defendants for failure to plead scienter); *Glazer Cap. Mgmt. v. Magistri*, 549 F.3d 736, 745, 749 (9th Cir. 2008) (affirming dismissal of § 10(b) claims against the defendant corporation because the plaintiffs failed to plead scienter as to any individual defendant).

[6] Defendants' "controlling person" arguments were raised at the reconsideration phase but were not raised or resolved at the Rule 12(b)(6) stage. *See generally* Dkt. ## 42 & 58; *see also* Dkt. # 59 at 2 (explaining that the Court will not decline to amend the Order at Dkt. # 49 based on Defendants new, "controlling person" arguments because "Defendants never raised the issue of control in its prior briefings"). They are thus properly addressed in this Order for the reasons discussed in part III(A) above. Defendants' § 10(b) grounds for dismissal are likewise properly raised in the instant motion, as they have been substantively altered by Defendants' new scienter arguments and the Court's ruling in part III(B)(2) above.

[7] Because the Court is dismissing Plaintiffs' § 20(a) claims on this basis, it need not reach Defendants' "controlling person" arguments.

ORDER - 11

## V
## CONCLUSION

For these reasons, the Court

(1) GRANTS Defendants' Motion for Judgment on the Pleadings (Dkt. # 72).

(2) DISMISSES Plaintiffs' remaining claims without prejudice.

(3) GRANTS Plaintiffs leave to amend the Complaint with respect to any claims dismissed in *this* Order.[8]  For the sake of clarity, Plaintiffs both can, and should, omit the claims and arguments that were already dismissed by the Court in its Order at Dkt. # 58.  But Plaintiffs may not use this as an opportunity to amend those previously dismissed claims, as the deadline to do so has long since passed.  *See id.* at 46–47.  Plaintiffs must file any such amended pleading on or before Friday, July 31, 2026.  If Plaintiffs decline to file an amended pleading, the Court will enter judgment for Defendants and dismiss this action in its entirety.

Dated this 15th day of July, 2026.

John H. Chun
United States District Judge

---

[8] *See, e.g., Silva v. Santander Consumer USA Inc.*, 2025 WL 3215772, at *3 (W.D. Wash. Nov. 18, 2025) ("District courts have discretion to grant motions under Rule 12(c) with leave to amend.").

ORDER - 12