UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES GARBACCIO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION, et al.,<br><br>Defendants. | No. 2:24-cv-01362-JHC<br><br><u>CLASS ACTION</u><br><br>ORDER RE: LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |

This matter comes before the Court on Lead Plaintiffs' Motion for Leave to File [Proposed] Second Amended Complaint (SAC) for Violations of the Federal Securities Laws. Dkt. # 106. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. The Court does not find oral argument necessary. Being fully advised, for the reasons below, the Court GRANTS the motion.

First, as the Ninth Circuit recognized in *Eminence Capital, LLC v. Aspeon, Inc.*, the policy of freely granting leave to amend when justice requires is "to be applied with extreme liberality." 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). Citing a plethora of

precedent, that court went on to seemingly caution courts regarding denying leave to amend. *Id.* And then it stated, "Adherence to these principles is especially important in the context of the PSLRA." *Id.* This case presents such a context.

Next, Defendants' arguments regarding undue delay and bad faith do not persuade the Court. *See Bolling v. Gold*, 2015 WL 2406487 (W.D. Wash. May 19, 2015). In any event, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Defendants claim prejudice. Dkt. # 113 at 18-19. But as Plaintiffs argue, Defendants do not claim "an impairment of their ability to defend" against the new allegations; they instead seem to point to the added burdens of defending the case in light of the SAC. This does not amount to undue prejudice.

Finally, Defendants say that the motion and accompanying SAC violate the Court's order at Dkt. # 96. But that order granted Plaintiffs leave *to file* an amended complaint and imposed limitations on any such pleading. Here, Plaintiffs have *moved for leave to file* the SAC under Rule 15. The Court's directive in that order thus does not control the outcome of this motion.

The bottom line for the Court is that it appears to be in the interest of justice to allow Plaintiffs to proceed with the SAC. If and when appropriate, Defendants may file another motion on the pleadings. To be sure, this ruling is without prejudice to arguments Defendants presented in their response brief (Dkt. # 113) that could be presented in such a motion (e.g., the time-bar argument).

For these reasons, the Court GRANTS the motion. Lead Plaintiffs shall file a clean and signed copy of the SAC within five days of the date of this order, and the SAC shall become the operative complaint in this proceeding.

DATED: October 27, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE